The opinion of the Court was delivered by
W Audi aw, Ch.
This case is submitted to us on the brief without argument; and where counsel refrain from all attempt to enlighten us by illustration of principles and citation of authorities, we may be excused in attaining -and declaring our determination in a perfunctory manner, and without elaborate research or discussion.
Taking the case as made by the affidavit of the solicitor of plaintiff and appellant, we do not perceive that any sufficient showing is made against the Chancellor’s exercise of discretion in dismissing the bill. It is stated and admitted in this affidavit, that at an early day of the June sitting, the affiant received notice from the solicitor of defendant that the trial of this cause would be pressed, and acknowledged that defendant *252 ■was entitled to a trial; that tlie day before the order of dismissal, the Chancellor informed the affiant that the cause was set down for hearing the next day, and that a cause precedent in order would be postponed; and that affiant then made no objection to the time and order of hearing mentioned to him, nor intimated that the day of hearing had been assigned without his consent; and yet, that the solicitor did not appear in Court until 2 o’clock, within an hour of the time of adjournment, and after the bill had been dismissed in consequence of his absence.
It is not suggested in the affidavit that any express application was made to the Chancellor to vacate the order of dismissal and restore the cause to the docket, although it is intimated in the grounds of appeal that the Chancellor expressed.an opinion that the order could be vacated by consent only, and thus repressed a direct motion to vacate and restore, as the opposing counsel resisted. The brief, however, does not present a fit case for the discussion bf the power of the Court over its previous orders at the same sitting; and the appeal may be disposed of by considering the propriety of the order actually made.
In the regular proceedure of the Court, the Chancellor is required to call once, if the length of the sitting be sufficient for the purpose, and once only, all the causes on the dockets ; and all parties and their counsel are required to be in attendance on the Court, and to present their causes for trial when they are reached in regular sequence. The Chancellor, after calling the dockets from beginning to end, and allowing every party in his turn to offer his complaint or defence, obtains control of the order of business; and he may afterwards prescribe the course of hearing upon any arrangement which may seem best adapted to the convenient and satisfactory dispatch of business'. Where special days are assigned for hearing particular causes, he reasonably expects special punctuality in the attendance of parties, witnesses and counsel, *253 and the most stringent exaction on his part 'in enforcement of such attendance cannot he 'fairly denounced as an abuse of discretion. In the present case, according to his own showing, the plaintiff failed to offer his claim for adjudication on the regular call of the docket, and another day for trial was assigned, which seemed to be satisfactory to his solicitor, as he intimated no objection to the time assigned when premonished of it by the superogatory courtesy of the Chancellor ; yet on neither occasion was the party in waiting and ready to proceed, as he should have been on both, and on the latter occasion, his solicitor, without exhibiting any sufficient excuse for his absence, or deputing any one to inform the Court of the reason of his absence, did not appear in Court until the judicial day was within an hour of expiration. We think that the discretion of the Chancellor, (really not the subject of appeal,) was rightfully exercised in mulcting the plaintiff with costs; and we suppose, without any rigid investigation of the matter, that costs only, and not inhibition of new suit, follow the order of the Chancellor.
It is ordered and decreed, that the decree be affirmed and the appeal dismissed.
Johnston, Dunkin and DaRGán, CO., concurred.

Appeal dismissed.